IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Korell Battle, | ) | |
| | ) | C/A No. 2:18-cv-719-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Corrections; Warden Cecilia | ) | |
| Reynolds, individually and in her | ) | |
| official capacity as Warden of Lee | ) | |
| Correctional Institution; and Warden | ) | |
| Aaron Joyner, individually and in his | ) | |
| official capacity as Warden of Lee | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Darnell Brown, | ) | |
| | ) | C/A No. 2:19-cv-572-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Corrections; Warden Cecilia | ) | |
| Reynolds, individually and in her | ) | |
| official capacity as Warden of Lee | ) | |
| Correctional Institution; and Warden | ) | |
| Aaron Joyner, individually and in his | ) | |
| official capacity as Warden of Lee | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Ronnie Drake, | ) | |
| | ) | C/A No. 2:19-cv-574-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of | ) | |

Corrections; Warden Cecilia )
Reynolds, individually and in her )
official capacity as Warden of Lee )
Correctional Institution; and Warden )
Aaron Joyner, individually and in his )
official capacity as Warden of Lee )
Correctional Institution, )
                                    )
            Defendants. )
_____ )

Lance Lyles, )
                                    )        C/A No. 2:19-cv-575-TMC
            Plaintiff, )
                                    )
        v. )                                 **ORDER**
                                    )
South Carolina Department of )
Corrections; Warden Cecilia )
Reynolds, individually and in her )
official capacity as Warden of Lee )
Correctional Institution; and Warden )
Aaron Joyner, individually and in his )
official capacity as Warden of Lee )
Correctional Institution, )
                                    )
            Defendants. )
_____ )

John Mack, )
                                    )        C/A No. 2:19-cv-576-TMC
            Plaintiff, )
                                    )
        v. )                                 **ORDER**
                                    )
South Carolina Department of )
Corrections; Warden Cecilia )
Reynolds, individually and in her )
official capacity as Warden of Lee )
Correctional Institution; and Warden )
Aaron Joyner, individually and in his )
official capacity as Warden of Lee )
Correctional Institution, )
                                    )
            Defendants. )
_____ )

The above-captioned cases arise from alleged incidents of prison violence occurring in 2016 and 2017 at Lee Correctional Institution ("LCI") in Bishopville, South Carolina. Originally, the plaintiffs in each of these actions were co-plaintiffs in a single action filed in South Carolina state court alleging federal and state law claims against Defendants South Carolina Department of Corrections ("SCDC"); Warden Cecilia Reynolds, individually and in her official capacity as Warden of LCI ("Warden Reynolds"); and Warden Aaron Joyner, individually and in his official capacity as Warden of LCI ("Warden Joyner"). (ECF No. 1-1). The original action was removed to federal court, (ECF No. 1), and the court subsequently severed it into separate actions. (ECF No. 81).[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Defendants filed identical motions for partial summary judgment in each of the above-captioned cases. (ECF No. 106). Plaintiffs filed a joint response in opposition to partial summary judgment, (ECF No. 110), and the magistrate judge conducted a hearing, (ECF No. 112).

This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiffs' § 1983 claims against SCDC and that

---

[1] In the original action, there were seven plaintiffs. (ECF No. 1-1). After dismissing Plaintiff Jabari Moore's § 1983 claims and remanding his remaining claims to state court, the court severed the action into six separate actions. (ECF No. 81). For ease of reference, the court refers to docket entries in this order using the civil action number of the original case, *Battle et al. v. South Carolina Department of Corrections et al.*, 2:18-cv-719-TMC.

Additionally, the court has addressed Defendants' motion for summary judgment in one of these actions—*Brown v. South Carolina Department of Corrections et al.*, 2:19-cv-573-TMC—by separate order because Defendants' seek summary judgment as to Jeffrey Brown's claims against all Defendants, not merely the § 1983 claims against SCDC as they do in the other five actions. This order addresses Defendants' identical motions for summary judgment only as to the Plaintiffs in the other five actions—Korell Battle, Darnell Brown, Ronnie Drake, Lance Lyles and John Mack.

the court deny Defendants' request that the court decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims against SCDC. (ECF No. 120). Defendants filed objections to the Report (ECF No. 123), and Plaintiffs filed a reply (ECF No. 125) .

## I. Background

Plaintiffs allege that while they were incarcerated at LCI in 2016 and 2017, they were subjected to similar attacks by other inmates as a result of Defendants' "system-wide failures" to ensure inmate safety and, in particular, their failure to control "the use of illegal contraband weapons" at LCI. (ECF No. 21 at 6). Plaintiffs allege that in each case, the attacks occurred when correctional officers "abandoned their posts," left "cell or wing doors unlocked," or otherwise acted in violation of SCDC's policies and procedures. *Id*. at 7. Moreover, Plaintiffs allege that Defendants "were aware of these deficiencies and substandard patterns and practices within SCDC" but failed to correct them even though they knew "their failure[] to correct these substandard patterns or practices would lead to serious bodily injury [to] the Plaintiffs." *Id*. at 6. Plaintiffs further allege that these failures, including the substandard performance of LCI's correctional officers, resulted from Defendants' "gross[ly] negligen[t]" failure "to employ sufficient correctional officers, . . . to enforce its policies and procedures, [or] . . . to train or retrain its correctional officer[s] to comply with the existing policies and procedures," as well as their "grossly negligent, reckless, willful, wanton, and/or deliberate[ly] indifferent actions." *Id*. at 8.

Plaintiffs assert identical claims pursuant to 42 U.S.C. § 1983, alleging that all three Defendants abridged their rights under the Fifth, Eighth and Fourteenth Amendments. (ECF No. 21 at 9-13). Plaintiffs also assert claims against SCDC under the South Carolina Tort Claims Act. *See* S.C. Code. Ann. § 15-78-10 *et seq*. (ECF No. 21 at 13-15). Plaintiffs seek injunctive relief; actual, consequential and punitive damages; and attorney fees and costs. *Id*. at 15-16.

Defendants filed this motion for partial summary judgment, seeking dismissal of Plaintiffs' § 1983 claims only as to Defendant SCDC. (ECF No. 106-1 at 7-9). Defendants argue that because SCDC, a state agency, has not waived its immunity under the Eleventh Amendment, Plaintiffs cannot maintain claims against it under § 1983. *Id*. Additionally, Defendants argue that if the court dismisses Plaintiffs' § 1983 claims against SCDC, the court should decline to exercise supplemental jurisdiction over the state law claims against SCDC that remain. *Id.* at 9-10. After initially opposing Defendants' argument that SCDC was entitled to summary judgment on Eleventh Amendment Immunity grounds, Plaintiffs all subsequently withdrew their § 1983 claims against SCDC. (ECF No. 113 at 4). Plaintiffs, however, urged the court to retain jurisdiction over the state law claims against SCDC. (ECF No. 110 at 18).

The magistrate judge, after a hearing on the motion, issued a Report finding that Defendants' motion as to the § 1983 claims against SCDC was moot but recommending that the court maintain jurisdiction over Plaintiffs' state law claims against SCDC. (ECF No. 120 at 12). The magistrate judge noted that "even if the Court grants the motion for Partial Summary Judgment in its entirety, federal causes of action will remain against Defendants Warden Reynolds and Warden Joyner" and concluded that "defendants have failed to present any compelling reasons for declining jurisdiction over the state law claims against SCDC." *Id*. at 9.

Defendants filed objections to the Report, arguing that if the court exercises supplemental jurisdiction, Defendants will suffer prejudice from the differing standards of proof that apply to § 1983 claims and claims under the Tort Claims Act. (ECF No. 123 at 4). Specifically, Defendants argue that jurors are likely to be confused by the fact that a mere negligence standard applies to the state law claims against SCDC while a deliberate indifference standard applies to the federal claims against the individual Defendants. *Id*. at 5. In response, Plaintiffs urge the court to adopt

the Report "in full." (ECF No. 125 at 3). Highlighting the fact that their federal and state claims arise from closely-related factual bases, Plaintiffs argue that no compelling circumstances exist for the court to decline jurisdiction and that any potential confusion can be alleviated by appropriate jury instructions. *Id*. at 5.

## II. Standard of Review for Report and Recommendation

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). As recounted above, Defendants filed a specific objection as to the magistrate judge's recommendation that the court continue to exercise jurisdiction over Plaintiffs' state law claims against SCDC. Accordingly, the court will consider that portion of the Report de novo and review the remainder of the Report for clear error.

## III. Discussion

Section 1367 of Title 28 of the United States Code provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Claims are part of the same "case or controversy" when they "derive from a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Plaintiffs' federal and state law claims in this case share a common set of operative facts and are thus part of the same case or controversy. Nonetheless, a district court "may decline to exercise supplemental jurisdiction over a claim" if the "court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id*.

In their objections, Defendants make only one argument—that the differing standards of proof for § 1983 claims and state law claims brought under the South Carolina Tort Claims Act could potentially confuse the jury and render the proceedings unfair for the Defendants. (ECF No. 123 at 5-6). Defendants do not suggest that convenience, policy concerns or judicial economy require the court to decline to exercise supplemental jurisdiction.

The court agrees with the magistrate judge that the applicable factors support the continued exercise of jurisdiction over Plaintiffs' state law claims against SCDC. These state law claims, which have been pending for nearly two years, share the same core of operative facts with the federal claims against the individual Defendants that are still before this court. The court finds that judicial economy, convenience and fairness to the parties are better served by the court's continued exercise of supplemental jurisdiction over the state claims. While the court recognizes that the differing standards applicable to the federal and state claims in this case could potentially

7

create confusion, "the risk of jury confusion can be reduced by judicious use of special verdict [forms] and carefully drawn instructions." *Roget v. Lucas*, No. Civ. B-90-335(WWE), 1990 WL 253071, at *1 (D. Conn. Nov. 28, 1990) (internal quotation marks omitted) (concluding that potential juror confusion did not justify declining pendant jurisdiction over state claims that were related to civil rights claims under § 1983). Defendants' objections to the Report are overruled.

## IV. Conclusion

As set forth above, the court **ADOPTS** the Report of the magistrate judge (ECF No. 120) and incorporates it herein by reference. The court finds that Defendants' motion for partial summary judgment (ECF No. 106) is **MOOT** to the extent it seeks summary judgment as to Plaintiffs § 1983 claims against SCDC. In light of Plaintiffs' notice of withdrawal of all § 1983 claims against SCDC, the court hereby **DISMISSES** those claims. The court **DENIES** Defendants' motion for partial summary judgment (ECF No. 106) to the extent Defendants request that the court decline to exercise supplemental jurisdiction over the state law claims against SCDC.[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 20, 2019

---

[2] To the extent Defendants' motion seeks summary judgment as to all claims of Plaintiff Jeffery Brown, the court granted the motion by separate order entered in that action. *See Brown v. South Carolina Department of Corrections et al.*, 2:19-cv-573-TMC.