# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Korell Battle, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>South Carolina Department of )<br>Corrections; Warden Cecilia )<br>Reynolds, individually and in her )<br>official capacity as Warden of Lee )<br>Correctional Institution; and Warden )<br>Aaron Joyner, individually and in his )<br>official capacity as Warden of Lee )<br>Correctional Institution, )<br> )<br>    Defendants. )<br>_____) | C/A No. 2:18-cv-719-TMC<br><br>**ORDER** |
| Darnell Brown, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>South Carolina Department of )<br>Corrections; Warden Cecilia )<br>Reynolds, individually and in her )<br>official capacity as Warden of Lee )<br>Correctional Institution; and Warden )<br>Aaron Joyner, individually and in his )<br>official capacity as Warden of Lee )<br>Correctional Institution, )<br> )<br>    Defendants. )<br>_____) | C/A No. 2:19-cv-572-TMC<br><br>**ORDER** |
| Ronnie Drake, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>South Carolina Department of )    | C/A No. 2:19-cv-574-TMC<br><br>**ORDER** |

| | |
|---|---|
| Corrections; Warden Cecilia Reynolds, individually and in her official capacity as Warden of Lee Correctional Institution; and Warden Aaron Joyner, individually and in his official capacity as Warden of Lee Correctional Institution,<br><br>                Defendants. | |
| Lance Lyles,<br><br>                Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections; Warden Cecilia Reynolds, individually and in her official capacity as Warden of Lee Correctional Institution; and Warden Aaron Joyner, individually and in his official capacity as Warden of Lee Correctional Institution,<br><br>                Defendants. | C/A No. 2:19-cv-575-TMC<br><br>**ORDER** |
| John Mack,<br><br>                Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections; Warden Cecilia Reynolds, individually and in her official capacity as Warden of Lee Correctional Institution; and Warden Aaron Joyner, individually and in his official capacity as Warden of Lee Correctional Institution,<br><br>                Defendants. | C/A No. 2:19-cv-576-TMC<br><br>**ORDER** |

Plaintiffs in the above-captioned cases filed actions pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 *et seq.*, based on alleged incidents of prison violence occurring in 2016 and 2017 at Lee Correctional Institution ("LCI") in Bishopville, South Carolina. Before the court is the magistrate judge's Report and Recommendation as to Plaintiffs' identical amended motions for sanctions against Defendant South Carolina Department of Corrections ("SCDC") in each of the above-captioned cases. *See Battle v. SCDC et al.*, 2:18-cv-719-TMC (ECF No. 136); *Brown v. SCDC et al.*, 2:19-cv-572-TMC (ECF No. 130); *Drake v. SCDC et al.*, 2:19-cv-574 (ECF No. 130); *Lyles v. SCDC et al.*, 2:19-cv-575 (ECF No. 129); *Mack v. SCDC et al.*, 2:19-cv-576 (ECF No. 131). The Report issued by the magistrate judge is identical in each case. *See Battle*, 2:18-cv-719-TMC (ECF No. 142); *Brown*, 2:19-cv-572-TMC (ECF No. 135); *Drake*, 2:19-cv-574 (ECF No. 135); *Lyles*, 2:19-cv-575 (ECF No. 134); *Mack*, 2:19-cv-576 (ECF No. 136). Plaintiffs in each of these cases originally asserted their claims together in one action; however, the court severed them into separate actions on February 26, 2019. For ease of reference, all citations to docket entries in this order correspond to the *Battle* case, civil action number 2:18-cv-719-TMC (ECF Nos. 136, 142), and the court refers to these cases collectively as the *Battle* cases. Defendants filed an appeal and objections to the Report, (ECF No. 144), and Plaintiffs filed a reply to Defendants' appeal/objections, (ECF No. 154). For the reasons discussed below, the court affirms and adopts the Report in part and remands the matter for the magistrate judge to determine and impose reasonable expenses, including attorneys' fees, in accordance with this order.

## I. Background/Report of the Magistrate Judge

Because the Report thoroughly summarizes the relevant procedural history and factual background, the court need not recount it at length. Briefly, on May 7, 2019, the magistrate judge

3

conducted a status conference during which various discovery issues were identified and Plaintiffs raised the possibility of a motion to compel. (ECF No. 93). On May 24, 2019, at the direction of the magistrate judge, Plaintiffs' filed a twenty-six-page status report detailing the outstanding discovery issues. (ECF No. 97). On June 5, 2019, the magistrate judge conducted a hearing on these discovery issues. (ECF No. 99).

On June 6, 2019, the magistrate judge entered an order directing Defendants to produce meeting minutes, videos, photographs, charts, and certain other information requested by Plaintiffs by June 14, 2019. (ECF No. 100). The magistrate judge further directed that if Defendants claimed there are no minutes, videos, photos, charts or other documents responsive to Plaintiffs' specified requests beyond what had already been produced, then Defendants "must aver to this in an affidavit" in which "Defendants must specify why these items cannot be produced (i.e., they could not be located, etc.)." *Id*. at 4; *see id*. at 3–8.

On December 2, 2019, Plaintiffs filed the instant amended motion for sanctions. (ECF No. 136). Plaintiffs contended that Defendants have failed to produce the requested discovery or a sworn affidavit as ordered by the magistrate judge. *Id*. at 12. To the extent affidavits were provided, Plaintiffs claimed they were unsworn and incomplete. *Id*. In response, Defendants claimed that the failure to produce an affidavit with respect to the requested videos or photos was inadvertent and that such an affidavit would be produced explaining why no such videos or photos were available. (ECF No. 137 at 4). Defendants indicated that in two of the cases—*Brown*, 2:19-cv-572-TMC and *Drake*, 2:19-cv-574-TMC—"video may exist regarding the death of a non-party" containing "some relevant footage" but that Defendants had withheld such video footage "due to its connection with an active and ongoing criminal prosecution." *Id*. Defendants assured

4

the court they would either produce the video footage if the local prosecutor granted permission for them to do so or produce an affidavit explaining why it had not been produced. *Id*.

Plaintiffs also sought sanctions based on Defendants' alleged conduct related to discovery of the Roth Report. (ECF No. 136 at 14–31). In 2017, SCDC retained Thomas Roth to review the security staffing at thirteen SCDC facilities. *Id.* at 14. Mr. Roth issued a report in March 2018 (the "Roth Report") providing an analysis of "how staffing at these 13 SCDC institutions has impacted the number of contraband related incidents and incidents of assault." (ECF No. 142 at 14).

According to Plaintiffs, on January 17, 2019, during the normal course of discovery, Plaintiffs requested SCDC "provide copies of any and all reports, studies, memorandums, and/or other documents developed by SCDC or any outside individual entity regarding safety and security" at SCDC's correctional facility. (ECF No. 136 at 15). Plaintiffs contend that they subsequently became aware of the existence of the Roth Report despite SCDC's failure to identify it during discovery and notified Defendants that the Roth Report was responsive to Plaintiffs' discovery requests. *Id*. at 16. SCDC, however, refused to produce it on the bases of relevance and privilege. *Id*. Plaintiffs obtained a redacted version of the Roth Report on their own. (ECF No. 102 at 3).

At the discovery hearing on June 5, 2019, the magistrate judge addressed Plaintiffs' contention that SCDC was required to produce the entire Roth Report in unredacted form and concluded that "[t]he Roth Report is relevant to the issues in this case—it addresses the understaffing issues faced by the South Carolina Department of Corrections." (ECF No. 102 at 4). The magistrate judge ordered SCDC "to produce to Plaintiffs' Counsel the entire unredacted Roth Report by Monday June 10, 2019." *Id*. Additionally, the magistrate judge found that "there

5

is no basis to find that the Roth Report is subject to confidentiality in relation to the Mental Health Settlement, as asserted by defense counsel at the hearing." *Id*. Defendants filed objections to the magistrate judge's order. (ECF No. 104). On July 12, 2019, this court overruled Defendants' objections, concluding in part that "the Roth Report is clearly relevant as it addresses understaffing at SCDC, and Plaintiff alleges his injuries were the direct and proximate result of, inter alia, insufficient staffing." (ECF No. 144 at 4). Accordingly, the court affirmed the magistrate's judge's order requiring production of the unredacted Roth Report and directed that Defendants provide the documents within fourteen days. *Id*. On July 23, 2019, SCDC produced the unredacted Roth Report to Plaintiffs. (ECF No. 136 at 20).

On September 23, 2019, Defendants filed a motion for a protective order for email *communications* between Tom Roth and SCDC personnel, arguing that such communications were both irrelevant and privileged under the Mental Health Settlement. (ECF No. 128 at 6–9). In response, Plaintiffs filed an opposition brief that also sought the production of records "previously ordered, regarding Tom Roth's communications with SCDC and the underlying documents he reviewed in making his Report." (ECF No. 129 at 7).

On September 25, 2019, the magistrate judge entered a text order denying the motion for a protective order, stating once again that "[t]he Roth Report is directly relevant to the claims" in this action. (ECF No. 131). Defendants were then directed to "immediately produce" the communications at issue. *Id*. Additionally, the order granted Plaintiffs' motion for the production of the documents underlying the Roth Report. *Id*. According to Plaintiffs, however, SCDC has produced nothing further as of the date that Plaintiffs filed their amended motion for sanctions. (ECF No. 136 at 24).

## II. Legal Standards

### A. Review of Magistrate Judge's Recommendation

A magistrate judge may hear, decide, and issue written orders on nondispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A party may object to a magistrate judge's order on a nondispositive matter within fourteen days of service of the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Under this clear error standard, the court will reverse the magistrate judge's findings only if it is "'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948).

### B. Discovery Sanctions

Under Rule 26(e), "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response" if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1). A party's failure to supplement its initial disclosures under Rule 26(e) implicates Rule 37(c)(1), which states in relevant part as follows:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Fed. R. Civ. P. 37(c)(1). Rule 37(b)(2)(A), in turn, provides for the imposition of various sanctions against a party that has disobeyed a discovery order.[1] Rule 37(b)(2)(C) provides an additional sanction "instead of or in addition to" those listed in Rule 37(b)(2)(A): "[T]he court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Furthermore, Rule 37(a)(5)(A) expressly provides for the award of expenses where a motion to compel is granted: "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A).

District courts enjoy "broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (internal quotation marks omitted). In making this assessment, courts should consider these factors: "(1) the surprise to the party against whom the

---

[1] Sanctions available to the court under Rule 37(b)(2)(A) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; [or]
> (vi) rendering a default judgment against the disobedient party

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi).

evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id*. The first four factors bear upon the harmlessness exception, while the last factor goes to the substantial justification exception. *Id*. "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (citations omitted).

### III. Discussion

#### A. Failure to Supplement Discovery or Submit Sworn Affidavits

The magistrate judge found that SCDC's failure to produce the videos and photographs requested by Plaintiffs or, alternatively, to submit a sworn affidavit as required by the court in its June 6, 2019 order, (ECF No. 100), was not substantially justified or harmless under Rule 26(e) of the Federal Rules of Civil Procedure. (ECF No. 142 at 28). Further, the magistrate judge determined that, pursuant to FRCP 37(a)(5)(A), SCDC should pay Plaintiffs' reasonable expenses incurred in preparing the filings related to these discovery issues and in preparing for and appearing at the related hearings. *Id*. Specifically, the Report ordered that SCDC should pay such reasonable expenses, including attorneys' fees, as they related to Plaintiffs' filing of the status report addressing these discovery issues, (ECF No. 97), and the associated hearings, (ECF Nos. 93, 99). (ECF No. 142 at 28). Further, the magistrate judge recommended that if Defendants failed to produce the videos/photographs or a sworn affidavit by April 30, 2020, the court should prohibit

them from introducing these items into evidence at trial and inform the jury of the failure to produce these items. *Id.*[2]

In their appeal, Defendants argue that on January 17, 2019, they provided an affidavit which effectively complied with the magistrate judge's order filed months later on June 6, 2019. (ECF No. 144 at 34). This affidavit, which was not before the magistrate judge when she ruled on the motion for sanctions, indicates no video had been found relating to the incidents alleged by Plaintiffs Lyle and Mack but that video did exist that "may or may not" relate to the incidents alleged by Plaintiffs Drake and Brown. (ECF No. 144-2 at 12). The court, however, discerns no clear error in the magistrate judge's conclusion that Defendants failed to supplement their responses or provide a sworn affidavit, thereby necessitating a motion to compel from Plaintiffs. In light of all the materials that were before the magistrate judge at the time of her sanctions order on this issue, (ECF No. 142 at 27–28), the order of the magistrate judge was not contrary to law and the court hereby affirms it.

The court, however, declines at this juncture to adopt the magistrate judge's recommendation that if Defendants failed to produce the videos/photographs or a sworn affidavit by April 30, 2020, they be prohibited from introducing these items into evidence at trial and the jury be informed of the failure to produce these items. It appears that the January 17, 2020 affidavit (ECF No. 144-2 at 12) produced by Defendants indicated that potentially relevant video may exist, but it is unclear whether Defendants subsequently clarified their position on this issue. The court

---

[2] The magistrate judge explained that she couched this sanction in the form of a recommendation rather than an order because, unlike the other sanctions imposed here, a sanction that precludes the introduction of evidence at trial or requires that the jury be informed are not pretrial matters that can be decided by the magistrate judge. (ECF No. 142 at 28 n.7).

is willing to revisit this issue prior to trial on a motion by Plaintiffs specifically addressing the videos in question.

### B. Roth Report Issues

1.

With respect to the alleged delayed disclosure and/or production of the Roth Report, the magistrate judge found as follows:

> SCDC failed to disclose the Roth Report in response to Plaintiffs' discovery requests and then contested the production of this report for an extended period of time, causing Plaintiffs to file several motions to compel. Defendants offer no reason for their failure to disclose the existence of the Roth Report in response to Plaintiffs' discovery requests.

(ECF No. 142 at 29). The magistrate judge concluded that SCDC's "failure to produce the Roth Report or a privilege log identifying the existence of the Roth Report in its supplemental responses to Plaintiffs' discovery requests under Rule 26(e) was not substantially justified or harmless." *Id*. As a result, the magistrate judge determined "SCDC must pay Plaintiffs' reasonable expenses in making the motions to compel relating to the production of the Roth Report and preparing for the hearings related to those motions, including attorneys' fees, pursuant to Rule 37(a)(5)(A)." *Id*. Specifically, the Report indicated SCDC should pay Plaintiffs' reasonable expenses, including attorneys' fees, associated with Plaintiffs' filing of the status report addressing the Roth Report discovery issues, (ECF No. 97), and the associated hearings (ECF Nos. 93, 99). (ECF No. 142 at 29). Defendants challenge these findings and conclusions on the basis that SCDC properly withheld the Roth Report on the basis of a colorable privilege. (ECF No. 144 at 29). Defendants, however, did not raise this argument before the magistrate judge. (ECF No. 137 at 6). Accordingly, the court finds that the magistrate judge's findings and conclusions were neither clearly erroneous nor contrary to law.

2.

11

With respect to SCDC's motion for a protective order as to *communications* between Tom Roth and SCDC, (ECF No. 128), the magistrate judge explained that "in granting Plaintiffs' various motions to compel . . . the Court established its position that the Roth Report [was] relevant and discoverable" and concluded, therefore, that "sanctions are appropriate based on Defendants' filing of the September 23, 2019 motion for protective order, pursuant to Local Civil Rule 7.09."[3] (ECF No. 142 at 29). The magistrate judge continued: "In short, there was no basis for Defendants to contest the production of those communications pertaining to the Roth Report, given the Court's extensive rulings on the discoverability of the Roth Report. Thus, the undersigned can only conclude that the motion was largely filed to unreasonably delay the production of the communications at issue." *Id*. at 30. Thus, the magistrate judge concluded that SCDC "must pay Plaintiffs' reasonable expenses in filing their opposition to Defendants' motion for protective order [ECF No. 129], including attorneys' fees." *Id*.

Defendants contend that the magistrate judge erroneously cited Local Rule 7.09 in determining that attorneys' fees should be awarded. (ECF No. 144 at 11–13). Although Local Rule 7.09 does not explicitly mention attorneys' fees in conjunction with its general provision for the imposition of sanctions for frivolous or dilatory motions, the court clearly enjoys the inherent power to award fees for vexatious litigation conduct. *See Williams v. Shelby Cty. Bd. of Educ.*, No. 2:17-cv-2050-TLP-jay, 2020 WL 3816234, at *11 (W.D. Tenn. July 7, 2020) ("Even though Local Rule 7.3(c) does not explicitly provide for attorney's fees, a district court has the inherent power to assess attorney's fees sometimes.") (citing *Chambers v. NASCO, Inc*., 501 U.S. 32, 44– 45 (1991)). A fundamental component of the court's discretion in exercising its inherent powers

---

[3] That rule provides as follows: "*Frivolous or Delaying Motions*. Where the court finds that a motion is frivolous or filed for delay, sanctions may be imposed against the party or counsel filing such motion." Local Civil Rule 7.09, D.S.C.

"is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44–45. "[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45–46 (internal quotation marks omitted). Here, the magistrate judge recognized that imposing attorneys' fees under Local Rule 7.09 involved an exercise of the court's inherent power, discussing *Chambers* and Local Rule 7.09 together in her recitation of the applicable legal standards. (ECF No. 142 at 10–11). The magistrate judge correctly found that an award of attorneys' fees was properly within the court's inherent powers and the court, therefore, rejects this argument.

Defendants contend, alternatively, that the magistrate judge failed to make an explicit finding of bad faith necessary to impose attorneys' fees as a sanction. (ECF No. 144 at 13–14). However, the magistrate judge concluded that "the motion was largely filed to unreasonably delay the production of the communications at issue." (ECF No. 142 at 30). The court concludes this finding equates to a determination that the motion was filed "vexatiously." *Chambers*, 501 U.S. at 45–46. Accordingly, the court rejects this argument as well and affirms this portion of the Report.

3.

Finally, the magistrate judge determined that SCDC failed to produce the documents that Tom Roth relied upon for his report in violation of the September 25, 2019 order, (ECF No. 131). (ECF No. 142 at 30). Additionally, the magistrate judge determined that SCDC's failure to produce these documents was not substantially justified. *Id*. at 30. The magistrate judge explained that, "while Defendants contend they do not have a list of the documents Mr. Roth reviewed, the Roth Report itself provides a rather comprehensive list of categories of documents Mr. Roth reviewed. Defendants have entirely failed to address why they cannot produce the documents

listed in the Roth Report." *Id*. at 30–31.  Accordingly, the magistrate judge found, pursuant to Rule 37(a)(5)(A). that SCDC must pay the reasonable expenses, including attorneys' fees, incurred by Plaintiffs in filing their motions to compel production.  *Id*. at 31.

Defendants object to this conclusion, noting that their failure to provide these documents was justified based on an order entered in *Wilson v. Eagleton et al*, No. 1:18-cv-00050-RMG (D.S.C.) (ECF No. 126), a case that is not before this court but is one of the many prison violence cases involving the same attorneys and the same general claims against SCDC. Plaintiff in *Wilson*, unlike Plaintiffs in the *Battle* cases, specifically served a request for production of documents underlying the Roth Report.  (ECF No. 144 at 8). Plaintiff in *Wilson* subsequently moved to compel production of these documents, but the district court denied the motion to compel on the basis that such information is better secured through a Rule 45 subpoena. *Wilson*, ECF No. 126 at 7.  The *Battle* Plaintiffs, however, did not propound requests for production seeking the information relied upon by Roth to create the Roth Report.  Instead, in responding to Defendants motion for a protective order, Plaintiffs requested the court order Defendants to produce "the underlying documents he reviewed in making his Report." (ECF No. 129 at 7).  The magistrate judge granted Plaintiffs' motion for the production of documents underlying the Roth Report. (ECF No. 131).

Defendants contend that, in light of the order issued in *Wilson*, they reasonably concluded that production of the documents underlying the Roth Report was to be sought under Rule 45, particularly when Plaintiffs in the *Battle* cases did not serve requests for production of these documents.  The court agrees.  Pursuant to FRCP 37, a request for production must have been served as a prerequisite for a motion to compel.  *See* Fed. R. Civ. P. 37(a)(3)(B).  The court concludes that Defendants' did not engage in sanctionable conduct with respect to this issue. Accordingly, the court declines to affirm this portion of the Report.

### IV. Conclusion

The court has carefully considered all of Defendants' objections and arguments as they relate to the cases before this court, including arguments that are not expressly discussed herein. In light of all the materials before it, the court finds that the magistrate judge's order (ECF No. 142) is not clearly erroneous or contrary to law as to the determinations that (1) Defendants failed, without justification, to supplement their discovery responses or, alternatively, provide affidavits; (2) Defendants' failure to produce the Roth Report or a privilege log identifying the existence of the Roth Report was not substantially justified; and (3) Defendants' motion for a protective order was filed to unreasonably delay discovery.

Accordingly, the court **AFFIRMS** the magistrate judge's order in the *Battle* cases (ECF No. 142 at 35–36) requiring that (1) SCDC pay Plaintiffs' reasonable expenses, including attorneys' fees, relating to Plaintiffs' filing of the status report addressing the failure to supplement discovery responses, (ECF No. 97), and preparing for the associated hearings, (ECF Nos. 93, 99); (2) SCDC pay Plaintiffs' reasonable expenses in making the motions to compel the production of the Roth Report ((ECF No. 97) and preparing for the hearings related to those motions, including attorneys' fees (ECF Nos. 93, 99); and (3) that SCDC pay Plaintiffs' reasonable expenses in filing their opposition to Defendants' motion for protective order (ECF No. 129), including attorneys' fees.

The court **DECLINES** to affirm or adopt the Report to the extent it orders SCDC to pay Plaintiffs' reasonable expenses, including attorneys' fees, associated with their motions to compel production. The court **DECLINES** at this juncture to adopt the magistrate judge's recommendation that Defendants be prohibited from introducing certain video or photos into evidence at trial and that the jury be informed of the Defendants' failure to produce these items.

Finally, the court **REMANDS** the matter to the magistrate judge for an assessment of reasonable attorneys' fees as a sanction as set forth in this section.

**IT IS SO ORDERED**.

s/Timothy M. Cain<br>United States District Judge

August 27, 2020
Anderson, South Carolina

16